Argued May 2, affirmed October 31, 1978

# GIBSON, *Appellant,*
*v.*
# SAFEWAY STORES, INC., *Respondent.*
## (TC 5974, SC 25342)
### 585 P2d 694

Stephen R. Blixseth, Junction City, argued the cause for appellant. With him on the briefs was Susan A. Schmerer of Schmerer & Mehringer, Eugene.

William M. Holmes of Gray, Fancher, Holmes & Hurley, Bend, argued the cause and filed a brief for respondent.

HOLMAN, J.

## HOLMAN, J.

This is an action for damages for personal injuries incurred when plaintiff slipped and fell on a ramp while leaving defendant's store. Judgment was entered for plaintiff which was based upon a jury verdict which found each party 50 per cent at fault for plaintiff's injuries. Plaintiff appeals.

■ Plaintiff first contends that the trial court was in error in submitting the issue of his contributory negligence to the jury because there was insufficient evidence of such negligence. The accident occurred in the winter. The jury could have found that at the time and place plaintiff fell there was one-quarter to one-half inch of packed snow covered by half an inch of newly fallen snow upon the ramp. Defendant alleged that plaintiff failed to keep a proper lookout. Plaintiff testified he did not realize that he was on a ramp because of the snow and ice. From this evidence the jury could have found there was insufficient snow and ice to obscure the ramp and that plaintiff was not, in fact, keeping a proper lookout; otherwise, he would have realized he was on an incline instead of on a level surface. The trial court did not err in submitting the issue of contributory negligence to the jury.

■ The next two assignments of error will be treated together. First, plaintiff contends the trial court erred in refusing to admit in evidence the schedules from his income tax returns which reflected the gross and net profits of the operation of his service station both before and after his injuries which are in question here. Second, he claims the trial court erred in refusing to admit in evidence summary sheets kept in his normal course of business showing the gross receipts from the sales of gasoline, oil, tires, accessories, lubrication, labor, etc., for similar periods of time. It is plaintiff's contention that all these documents prove lost profits caused by his shoulder injury which prevented him from or hampered him in lifting or working with his arms extended in front of him or over

[ 213 ]

his head, which actions were necessary in mounting tires, lubricating, installing new mufflers, tuning motors, and performing similar work.

Plaintiff at all times hired both full- and part-time employees in his business. He contends he is entitled to lost profits, rather than the cost of hiring extra help to do the labor he cannot now do, because his customers are dissatisfied with the labor he hires and go elsewhere unless he, plaintiff, does the work. He so testified and called at least one witness who said he always had had plaintiff do his work, but when plaintiff commenced having his employees do the work, he became dissatisfied and started going elsewhere. It is our conclusion, despite the testimony produced by plaintiff, that the work involved is not personal in nature but is of the kind that is usually performed by automobile mechanics. Plaintiff's damages are the cost of hiring competent help to perform the services he previously performed—not the profits lost by his business. He cannot make a jury case for lost profits by bringing in a customer and having him testify that he went elsewhere when plaintiff could no longer personally do his work. The work is of the kind that can be done by a competent employee.

■ Plaintiff contends that, in any event, the figures tend to prove impairment of earning capacity as a part of general damages. in *Conachan v. Williams,* 266 Or 45, 57, 511 P2d 392 (1973), this court said:

> "* * * proof of loss of specific wages is evidence of impairment of earning capacity, both before and after the date of trial, but an impairment of earning capacity may also be proved by other evidence."

Profits resulting from a combination of invested capital, hired labor and the furnishing of personal services by the entrepreneur are not evidence of the earning capacity of the entrepreneur as wages would be which are paid solely for personal services. Therefore, in this case loss of profits is not evidence of loss of earning capacity.

■  The last assignment of error is the failure of the trial court to instruct the jury that plaintiff could, if they found for him, recover for his impairment of earning *capacity* from the time of the accident. Plaintiff not only requested such an instruction but objected to the one given by the court which only submitted to the jury the issue of impairment of earning capacity in *the future. Conachan* required that impairment of past earning capacity as well as loss of earnings be specifically pleaded, not being recoverable under a request for general damages. It is apparent from plaintiff's pleadings that no request for past impairment of earning capacity is made, and that the allegations of damages addressed to impairment of earning capacity all speak to the future. The pleading of plaintiff's damages was as follows:

> "* * * plaintiff's injury to this left rotator cuff is permanent and further, that the plaintiff, LOWELL P. GIBSON, has sustained great deal of pain and suffering and will continue to do so in the future; and, further, as a result of plaintiff's injury to the left rotator cuff, he *will be* unable to continue unimpeded in his employment of operating a service station; and, that plaintiff *will be* required to hire additional employee to assist him in the service station operation; and, that plaintiff *will experience future loss of income* as result of his injury, plaintiff has sustained special damages in the sum of TWO THOUSAND TWO HUNDRED SIXTY EIGHT AND NO/100 ($2,268.00) DOLLARS, medical expenses, ~~FOUR THOUSAND EIGHT HUNDRED AND NO/100 ($4,800.00) DOLLARS, loss of wages~~ and general damages in the sum of NINETY THOUSAND and NO/100 ($90,000.00) DOLLARS." (Emphasis added.)

Plaintiff originally chose to plead past loss of $4,800, denominating it as loss of wages. He then attempted during trial to amend that figure to the sum of $42,623 which was the amount of profits he claimed he had lost in the past. When plaintiff's motion to amend was denied and the $4,800 figure was stricken because there was no evidence he lost wages, plaintiff failed to replead and plead impairment of earning capacity to

cover the past period. The court did not therefore err in failing to submit to the jury impairment of past earning capacity.

The judgment of the trial court is affirmed.